UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

04 11814

WELLESLEY LEASING, LLC. )
    Plaintiff )
                         )
v.                MAGISTRATE JUDGE _____
                         )
TELX COMMUNICATIONS )       RECEIPT # 58092
CORPORATION, )       AMOUNT $150
    Defendant )       SUMMONS ISSUED ___
                         LOCAL RULE 4.1 ___
                         WAIVER FORM ___
**COMPLAINT**               MCF ISSUED ___
                         BY DPTY. CLK. ___
                         DATE 8/19/04

Now comes the Plaintiff, Wellesley Leasing, LLC ("Plaintiff"), and pursuant to Federal Rule of Civil Procedure 8 (a) alleges the following against the Defendant, Telx Communications Corporation ("Defendant"):

## INTRODUCTION

This action is brought by the Plaintiff to cover amounts owed under a certain promissory note with the Defendant, dated April 30, 2001. Said promissory note required the Defendant to make monthly payments in the amount of $5,000 each, through February 28, 2004. The Defendant has been in default since October 1, 2001.

## JURISDICTION

1.    The Plaintiff is a Massachusetts Limited Liability Company with a principal place of business at 2053 Washington Street, Hanover, MA 02339. The Plaintiff purchased TLP Leasing Program's Inc. ("TLP") and is therefore the successor in interest and the assign of the Note between TLP and the Defendant.

2.    The Defendant is a Delaware Corporation, with principal offices at 17 State Street, 33rd Floor, New York, NY 10004.

3.    This Court has jurisdiction of this matter pursuant to 28 USC §1332.

## FACTS

4. On April 30, 2001, for value received, the Defendant presented to TLP its promissory note, a copy of which is appended to this Complaint as Exhibit A.

5. The Defendant's promissory note provided in pertinent part that -

> "For value received, Telx Communications Corporation, a Delaware Corporation, with principal offices at 17 State Street, 33rd Floor, New York, NY 10004, ("Borrower"), hereby unconditionally promises to pay to the order of TLP Leasing Programs, Inc. ("Lender"), in lawful money of the United States of America and in immediately available funds, the principal sum of One Hundred Forty-Three Thousand Eight Hundred Sixteen ($143,816) (the "Loan") together with accrued and unpaid interest thereon, each due and payable on the dates and in the manner set forth below".

6. The Defendant's promissory note further stated as follows: -

> "1. **Required Standard Monthly Payments**. Principal and interest at an annual rate of 12%, will be made in 34 monthly payments of $5,000.00, in arrears beginning April 30, 2001 and ending February 28, 2004. A final payment of $429 will be due and payable on March 31, 2004. The amount of Required Standard Monthly Payment under this Paragraph 1 shall be (i) adjusted upwards to equal (if resulting in a greater monthly payment amount) the monthly "Excess Cash Flow" payments referenced in Paragraph 3, below; and (ii) supplemented by any "Required Prepayments" described in Paragraph 2, below".

7. The Defendant's promissory note further stated as follows: -

> "6. **Default**. Each of the following events shall be an ("Event of Default") hereunder:
>
> a) Borrower fails to pay timely any of the principal amount due under this Note on the date the same becomes due and payable or any accrued interest or other amounts due under this Note on the date the same becomes due and payable; ...".
>
> "...Upon the occurrence of an Event of Default hereunder, all

unpaid principal, accrued interest and other amounts owing hereunder shall, at the option of the Lender, and, in the case of an Event of Default pursuant to (b) or (c) above, automatically, be immediately due, payable and collectible by Lender".

8. The Defendant's promissory note further provided as follows: "...7. **Waiver**. Borrower waives presentment and demand for payment, notice of dishonor, and notice of protest of this Note, and shall pay all costs of collection when incurred, including, without limitation, reasonable attorney's fees, costs and other expenses. The right to plead any and all statutes of limitations as a defense to any demands hereunder is hereby waived to the full extent permitted by law".

9. The promissory note further provided that the laws of the Commonwealth of Massachusetts would govern the construction and enforcement of the note.

10. On October 1, 2001, the Defendant failed to pay its periodic payment under the terms of the note. The Defendant has failed, and otherwise refused, to make any payment since that date. Accordingly, it is in default.

11. The Defendant has not made any payment under the note since September, 2001, notwithstanding TLP's/Plaintiff's demands for said payment.

12. As a consequence of the Defendant's default under the terms of the April 30, 2001 promissory note, the present amount of $124,501.08 of principal owed, with interest accruing as of July 1, 2004 of $41,085.35, plus attorney's fees.

WHEREFORE, the Plaintiff, TLP Leasing Programs, Inc. requests that the Court award it Judgment, and Order as follows against the Defendant, Telx Communications Corporation:

a) Award the Plaintiff all amounts owed under the terms of the April 30, 2001 Promissory Note;

b) Award it it's attorney's fees incurred in connection with the collection of amounts owed under the terms of the April 30, 2001 promissory note;

c) Such other relief as this Court deems just.

Respectfully submitted,

WELLESLEY LEASING, LLC.,
Plaintiff

By: _____
Its Attorney
Richard J. O'Brien, Esquire
BBO #552285
75 North Street, Suite 310
Pittsfield, MA 01201
(413) 499-5656

Dated: August 9, 2004

[TLP-Note—Rev'd FINAL]

# PROMISSORY NOTE

VALUE $143,816                                                April 30, 2001

    **For Value Received**, Telx Communications Corporation, a Delaware corporation, with principal offices at 17 State Street, 33rd Floor, New York, New York 10004, ("Borrower"), hereby unconditionally promises to pay to the order of TLP Leasing Programs, Inc. ("Lender"), in lawful money of the United States of America and in immediately available funds, the principal sum of One Hundred Forty-Three Thousand Eight Hundred Sixteen Dollars ($143,816) (the "Loan") together with accrued and unpaid interest thereon, each due and payable on the dates and in the manner set forth below.

    By Borrower executing and delivering this Note to the Lender, and by the Lender accepting delivery of this Note and any payments hereunder, (i) Lender hereby releases, acquits, satisfies and forever discharges, Borrower and its representatives, successors, agents, officers, directors and shareholders from any and all claims, demands, lawsuits, causes of action and any and all other obligations, contingent or otherwise, to Lender, its successors and assigns; and (ii) Lender acknowledges that this Note (upon execution by the Borrower) and Lender's rights hereunder constitute Lender's only recourse against Borrower and that Borrower's payment obligations under the terms of this Note constitute the only obligations of Borrower outstanding to Lender.

    1.   **Required Standard Monthly Payments.** Principal and interest at an annual rate of 12%, will be made in 34 monthly payments of $5,000.00, in arrears beginning April 30, 2001 and ending February 28, 2004. A final payment of $429 will be due and payable on March 31, 2004. The amount of Required Standard Monthly Payment under this Paragraph 1 shall be (i) adjusted upwards to equal (if resulting in a greater monthly payment amount) the monthly "Excess Cash Flow" payments referenced in Paragraph 3, below; and (ii) supplemented by any "Required Prepayments" described in Paragraph 2, below.

    2.   **Required Prepayments.** Borrower agrees to make a one time "Required Prepayment" of a minimum of Twenty-Five Thousand Dollars ($25,000) from the proceeds of Borrower's current pending Equity Raise. If the current pending Equity Raise exceeds Three Million Dollars ($3,000,000) in net proceeds, Borrower will make a Required Prepayment of Fifty Thousand Dollars ($50,000).

    3.   **Excess Operating Cash Flow Payments (defined as EBITDA, net of non-cash revenue).** If five percent (5%) of Operating Cash Flow exceeds Five Thousand

Dollars ($5,000) (calculated on a monthly basis—"Excess Cash Flow Payments") in any given month, Borrower will pay the larger amount.

4. **Place of Payment.** All amounts payable hereunder shall be payable at TLP Leasing Programs, Inc., 77 Franklin Street, 4th Floor, Boston, Massachusetts, 02110.

5. **Application of Payments.** Payment on this Note shall be applied first to accrued interest, if any, and thereafter to the outstanding principal balance thereof.

6. **Default.** Each of the following events shall be an ("Event of Default") hereunder:

   a) Borrower fails to pay timely any of the principal amount due under this Note on the date the same becomes due and payable or any accrued interest or other amounts due under this Note on the date the same becomes due and payable;

   b) Borrower files any petition or action for relief under any bankruptcy, reorganization, insolvency or moratorium law or any other law for the relief of, or relating to, debtors, now or hereafter in effect, or makes any assignment for the benefit of creditors or takes any corporate action in furtherance of any of the foregoing, or;

   c) An involuntary petition is filed against Borrower (unless such petition is dismissed or discharged within sixty (60) days) under any bankruptcy statute now or hereafter in effect, or a custodian, trustee, assignee for the benefit of creditors (or other similar official) is appointed to take possession, custody or control of any property of Borrower.

Upon the occurrence of an Event of Default hereunder, all unpaid principal, accrued interest and other amounts owing hereunder shall, at the option of Lender, and, in the case of an Event of Default pursuant to (b) or (c) above, automatically, be immediately due, payable and collectible by Lender.

7. **Waiver.** Borrower waives presentment and demand for payment, notice of dishonor, and notice of protest of this Note, and shall pay all costs of collection when incurred, including, without limitation, reasonable attorney's fees, costs and other expenses. The right to plead any and all statutes of limitations as a defense to any demands hereunder is hereby waived to the full extend permitted by law.

8. **Governing Law.** This Note shall be governed by, and construed and enforced in accordance with the laws of the Commonwealth of Massachusetts, excluding conflict of laws principles that would cause the application of laws of any other jurisdiction.

9. **Successors and Assigns.** The provisions of this Note shall inure to the benefit of and be binding on any successor to Borrower and shall extend to any holder hereof.

**Borrower:**

Telx Communications Corporation

By: _(signature)_

Name: Rory J. Cutaia

Title: Chief Executive Officer

Date: _____

**Lender: Agreed and Accepted:**

TLP Leasing Programs, Inc.

By: _(signature)_

Name: Arthur P. Beecher

Title: President

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TLP Leasing Programs, Inc.

**DEFENDANTS**
Telx Communications Corporation

(b) County of Residence of First Listed Plaintiff: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: New York City, NY
(IN U.S. PLAINTIFF CASES ONLY) Delaware County
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard J. O'Brien, Esquire
75 North Street, Suite 310
Pittsfield, MA 01201
(413) 499-5660

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 USC § 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND** $ $165,586.43

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
None
DOCKET NUMBER

DATE: August 7, 2004
SIGNATURE OF ATTORNEY OF RECORD
Richard J. O'Brien, Esquire

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __TLP Leasing Programs, Inc. v. Telx Communications Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [XX]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Richard J. O'Brien, Esquire__
ADDRESS __75 North Street, Suite 310, Pittsfield, MA 01201__
TELEPHONE NO. __(413) 499-5656__

(Coversheetlocal.wpd - 10/17/02)